```
 1                          UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF NEW YORK
 2

 3     ------------------------------------X
                                           :
 4     UNITED STATES OF AMERICA,           :  12-MJ-3212
                                           :
 5                      Plaintiff,         :
                                           :  500 Pearl Street
 6                 v.                      :  New York, New York
                                           :
 7     LEBYA, et al.,                      :  December 20, 2012
                                           :
 8                      Defendants.        :
       ------------------------------------X
 9

10        TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT/BAIL
                BEFORE THE HONORABLE SARAH NETBURN
11                 UNITED STATES MAGISTRATE JUDGE

12
       APPEARANCES:
13
       For the Government:          EDWARD B. DISKANT, ESQ.
14                                  U.S. Attorney Office, SDNY
                                    One Saint Andrew's Plaza
15                                  New York, New York  10007

16

17     For Defendant/Reyes-Arias:   MARGARET SHALLEY, ESQ.

18

19     For Defendant/Leyva:         JOSHUA DRATEL, ESQ.

20

21
       Court Transcriber:           SHARI RIEMER
22                                  TypeWrite Word Processing Service
                                    211 N. Milton Road
23                                  Saratoga Springs, NY 12866

24

25


       Proceedings recorded by electronic sound recording,
       transcript produced by transcription service
```

2

1        THE CLERK: The matter of <u>United States v. Rogelio</u>
2   <u>Lebya and Arcadio Reyes-Arias</u>.
3        Counsel, please state your name for the record.
4        MR. DISKANT:  Good evening, Your Honor.  Edward
5   Diskant for the Government and with me at counsel table is
6   Special Agent Tony Reo [Ph.] of the FBI.
7        THE COURT: Good evening.
8        MS. SHALLEY:  Good evening, Your Honor.  Margaret
9   Shalley for Arcadio Reyes-Arias.
10       MR. DRATEL:  Good evening, Your Honor. Joshua Dratel
11  for Rogelio Lebya.  It's actually misspelled.  L-E-Y-V-A.
12       THE COURT: L-E-Y-V-A.  That's what I have the
13  Pretrial Services Report.  Thank you.
14       Can I have a date and time of the arrest?
15       MR. DISKANT: Yes.  Both men were arrested this
16  morning at approximately 7:30 a.m.
17       THE COURT: Please be seated.  7:30 you said?
18       MR. DISKANT: Yes, Your Honor.
19       THE COURT: Before we begin I understand that counsel
20  has consented to doing this together even though we have two
21  different complaints.
22       MS. SHALLEY: Yes, Your Honor.
23       MR. DRATEL: Yes, Your Honor.
24       THE COURT: Any objection?  Okay.  Thank you.  I
25  appreciate that.

1            Gentlemen, I'm Judge Netburn.  The purpose of today's
2   proceeding is to advise you of certain rights that you have,
3   inform you of the charges against you, consider whether counsel
4   should be appointed for you and decide under what conditions if
5   any you should be released.
6            I'm now going to explain certain constitutional
7   rights that you have.  You have the right to remain silent.
8   You are not required to make any statements.  Even if you have
9   made any statements to the authorities you do not need to make
10  any further statements.  Any statement that you do make can be
11  used against you.
12           You have the right to be released either
13  conditionally or unconditionally pending trial unless I find
14  that there are no conditions that would reasonably assure your
15  presence in court and the safety of the community.
16           You have the right to be represented by an attorney
17  during all court proceedings including this one and during all
18  questioning by the authorities.  If you cannot afford an
19  attorney I shall appoint one today to represent you.
20           Mr. Leyva, I have here an affidavit that you signed
21  under the penalty of perjury.  Please be aware that any false
22  statements contained in this affidavit can result in a
23  prosecution for perjury.
24           Based on the information contained in this affidavit
25  I'm approving the appointment counsel, Mr. Dratel.

                                                                     4

1                MR. DRATEL:  Thank you, Your Honor.
2                THE COURT:  Ms. Reyes-Arias, Mr. Reyes-Arias, excuse
3    me.  Am I saying that correctly, Reyes-Arias?
4                I have before me a financial affidavit that you
5    signed under the penalty of perjury.  Please be aware that if
6    you submit any false statements in this affidavit you can be
7    prosecuted for perjury.
8                Based on the information contained in this affidavit
9    I'm approving the appointment of Ms. Shalley as counsel in this
10   matter.
11               MS. SHALLEY:  Thank you.
12               THE COURT:  Mr. Reyes-Arias, I have before me a one
13   count complaint charging you with conspiracy to commit
14   healthcare fraud.  Counsel, have you had an opportunity to
15   review this complaint with our client?
16               MS. SHALLEY:  Yes, I have with a Spanish interpreter
17   and we waive the public reading.
18               THE COURT:  Mr. Leyva, I have before me a complaint
19   which charges you with one count of conspiracy to commit
20   healthcare fraud.  Counsel, have you had an opportunity to
21   review this complaint with your client?
22               MR. DRATEL:  Yes, Your Honor, with a Spanish
23   interpreter and waive the public reading as well.
24               THE COURT:  Thank you.  Gentlemen, you have the right
25   to a preliminary hearing at which the Government will have the

burden of establishing that there is probable cause to believe that a crime has been committed and that you are the person who committed it.

If you are in custody you have the right to have that preliminary hearing within 14 days. If you are not in custody you have the right to have the preliminary hearing held within 21 days. A preliminary hearing will not however be held if before the date it is scheduled you are indicted by a Grand Jury or an information is filed against you by the Government. I will determine a preliminary hearing date after I hear from the parties on detention or bail.

MR. DISKANT: Your Honor, the Government seeks detention with respect to both defendants.

THE COURT: With regard to both, okay. Ms. Shalley, do you want to begin?

MS. SHALLEY: Your Honor, we consent to an order of detention until we arrive at a viable bail package.

THE COURT: Okay. Thank you.

MR. DRATEL: Your Honor, before I begin -- well, let me do the detention part first. The Pretrial Services Report recommends conditions sufficient to satisfy the criteria for bail. So I think the Court should impose those kinds of conditions. Mr. Leyva has a green card. He has family in the United States. He has a sister and a brother here. I've tried to reach the sister [inaudible] voice mail but he works at --

                                                                    6

1  he is employed at a grocery store that his father owns and he
2  also has court ordered child support that he obviously is able
3  to make because he works and because he earns a living.
4          Given the standard which is that the Court has to
5  find no conditions in order to detention I don't think it's
6  appropriate in this case because Pretrial Services has found
7  that there are conditions.  Regardless of whether he can meet
8  those conditions today or tomorrow or next month.  Setting
9  those conditions will certainly give us a [inaudible] satisfied
10 [inaudible] and I think that's what's appropriate in this case
11 [inaudible] Pretrial Services Report [inaudible] in this case.
12          THE COURT: Does your client own property?
13          MR. DRATEL: No, Your Honor.
14          THE COURT: Remind me what family members live in the
15 area.
16          MR. DRATEL: A brother and a sister.  His sister, Your
17 Honor.
18          THE COURT: Only a sister?
19          MR. DRATEL: Only a sister.
20          THE COURT: Where does she live?
21          MR. DRATEL: In Newark. In Newark where he lives.
22          THE COURT: Mr. Leyva, how often do you see your
23 sister?  How often do you see your sister?
24 (Through Spanish interpreter)
25          THE DEFENDANT: I see her every week like two or three

7

1 times.
2           THE COURT: Where does your child live?
3           MR. DRATEL: He has five children.
4           THE COURT: Five children.
5           THE DEFENDANT: Five, yes.
6           THE COURT: Where do they live?
7           THE DEFENDANT: In Newark.
8           THE COURT: How often do you see your children?
9           THE DEFENDANT: Excuse me?
10          THE COURT: How often do you see your children?
11          THE DEFENDANT: How do I get along with my children?
12          MR. DRATEL: No, no.
13          THE COURT: How often do you see them?
14          THE DEFENDANT: Oh, well I see them twice a week,
15 three times a week.  It depends because they don't live far
16 away from me.
17          THE COURT: Are they all United States citizens?
18          THE DEFENDANT: Yes, ma'am.
19          THE COURT: Is your sister employed?
20          THE DEFENDANT: She's a homemaker.
21          THE INTERPRETER:  Your Honor, may I clarify?
22          THE COURT: Yes.
23          THE DEFENDANT: Yes, homemaker.  Yes, she takes care
24 of everything legal.
25          THE COURT: So she is employed?

8

1       THE DEFENDANT: She is employed.
2       THE COURT: Counsel, does your client have a prior
3  criminal arrest record?
4       MR. DRATEL: No, I don't believe he has a record.
5       THE DEFENDANT: Nothing, Your Honor.
6       THE INTERPRETER: No, ma'am.
7       THE COURT: Can I hear from you in response?
8       MR. DISKANT: Yes, Your Honor.  Thank you.  The
9  Government seeks detention primarily on the basis of risk of
10 flight.  The defendant is a citizen of the Dominican Republic.
11 His parents are in the Dominican Republic.  The information we
12 have leads us to believe his parents may have considerable
13 assets and indeed the defendant reported that his parents own
14 the store that he appears to be working in and residing in and
15 therefore presents some risk of flight.
16      He has no assets in this country whatsoever and
17 therefore even were a bail package to be set he would have no
18 way of securing it in any meaningful fashion.  His family ties
19 in the community are a bit of a mystery to the Government.
20 Again, he --
21      THE COURT: Please speak up.
22      MR. DISKANT: I'm sorry, yes.  They're a bit of a
23 mystery to the Government.  If you look at what he told
24 Pretrial he says that his sole family is an aunt with who he
25 maintains no contact.  So I presume -- I'm a little confused

9

1  about where the sister fits in.  The Government's information
2  is that the defendant lives in an otherwise abandoned building
3  in which he was found this morning.  So Pretrial Services'
4  recommendation that home detention or home monitoring be
5  imposed might pose some difficulties on that front.
6          The defendant's sole employment is in a store that
7  the Government believes he was using as a front of the drug
8  conspiracy that is charged in the complaint.
9          So for all of those reasons the Government really
10 doesn't see any viable bail package here which is the primary
11 reason that we're seeking detention at this time.
12         THE COURT: Thank you.  Mr. Dratel, is your client
13 have a residence or is he living as counsel just represented in
14 an abandoned warehouse?
15         MR. DRATEL: If I may speak with him, Your Honor.  It
16 is an apartment building, Your Honor.  It's just abandoned.
17         THE COURT: It is an apartment building.  It's just --
18         MR. DRATEL: Abandoned.  It's not a warehouse.
19         THE COURT: It's an abandoned apartment building?
20         MR. DRATEL: Correct.
21         THE COURT: Okay.
22                 [Pause in proceedings.]
23         THE COURT: Ms. Shalley, you could probably wrap up
24 with your client if you'd like.
25         MS. SHALLEY: Yes.

```
                                                                  10
 1              THE COURT: Do you want to do that?
 2              MS. SHALLEY: Yes.
 3              THE COURT: When you like me to set a preliminary
 4   hearing?
 5              MS. SHALLEY: I waive to the thirtieth day.
 6              THE COURT: That would be January 22$^{nd}$.
 7              MS. SHALLEY: My client has asthma.
 8              THE COURT: He has asthma?
 9              MS. SHALLEY: Yes.
10              THE COURT: I'll indicate.
11              MS. SHALLEY: Thank you.
12              THE COURT: You're welcome.
13              MR. DRATEL: Your Honor, Mr. Leyva lives above the
14   bodega.  So clearly it's not an abandoned building.
15   [Inaudible] is on the ground floor.  The building is undergoing
16   repairs but his apartment is habitable and he lives in it.
17              THE COURT: Do you know if it has phone service?  Land
18   line phone service.
19              THE DEFENDANT:  I do have it but [inaudible].
20              MR. DRATEL: I believe what he said, Your Honor, is
21   there may be some connection to the bodega system but yes,
22   there is --
23                   [Pause in proceedings.]
24              MR. DRATEL: Yes, Your Honor.
25              THE COURT: If necessary would he be able to stay at
```

11

1 his sister's house?

2 THE DEFENDANT: Yes.

3 MR. DRATEL: Yes, Your Honor.

4 THE COURT: Anything further from the Government?

5 MR. DISKANT: Yes, Your Honor.  To the extent the
6 Court is inclined to grant a bail package the Government would
7 request either a significant posting of cash, something in the
8 ballpark of five to $10,000.00 or the signature of a number of
9 financially responsible people and would ask -- in addition to
10 his sister and would ask that all conditions be met before any
11 release.

12 MR. DRATEL: [Inaudible] in terms of bail conditions
13 that set [inaudible] possibility [inaudible].

14 MR. DISKANT: If I may, Your Honor, the entire point
15 here is that the defendant has no assets in this jurisdiction
16 or in New Jersey for that matter.  So something meaningful to
17 require him to return the Government would submit is required
18 on these facts.  Whether he can meet them or not is a different
19 story.

20 MR. DRATEL: I'm just saying that --

21 THE COURT: I think I've heard everybody on this.

22 Based on my review of the complaint and the Pretrial
23 Services Report I am going to impose the following conditions
24 for Mr. Leyva's release.  He must satisfy these conditions
25 before he will be released.

1                The posting of $100,000.00 bond secured by $5,000.00
2   and two financially responsible people as co-signers, one of
3   whom is to be his sister.  If he is able to satisfy those
4   conditions for his release he will be under strict Pretrial
5   supervision.  He will be under home detention at his sister's
6   home and there will be location monitoring.  He will be
7   permitted to leave the home for employment, medical
8   appointments and to visit counsel.  His travel shall be
9   restricted to the Southern District of New York, the Eastern
10  District of New York and the District of New Jersey.
11               Mr. Leyva, I am detaining you until the condition of
12  $5,000.00 cash or security of $100,000.00 bond is posted as
13  well as two co-signers for the bond.  If you're unable to raise
14  the amount of money necessary to post bail you will be detained
15  not because you cannot afford the amount of money but because
16  without that amount of money I cannot reasonably assure your
17  appearance in court.
18               I'll add, I think I may not have added that he is
19  surrender his passport and any other travel documents.
20               Mr. Leyva, if you are able to satisfy these
21  conditions and are released I may warn you that if you fail to
22  appear in court or if you violate any of the conditions of your
23  release a warrant will be issued for your arrest.  You and
24  anyone who sign the bond will be responsible for paying its
25  full amount, that is $100,000.00, and you may be charged with a

13

1  separate crime of bail jumping.  In addition, if you commit an
2  offense while you're released in addition to the sentence
3  imposed for that offense you will be sentenced for an
4  additional term of not more than 10 years if the offense is a
5  felony and not more than one year if the offense is a
6  misdemeanor.  This term of imprisonment will be executed after
7  any other sentence of imprisonment is completed.
8              When shall we set for the preliminary hearing?
9              MR. DRATEL: Waive to the thirtieth day, Your Honor.
10             THE COURT: That will be January 22nd.
11             Anything further?
12             MR. DISKANT: Not from the Government, Your Honor.
13             MR. DRATEL: No, Your Honor, thank you.
14             THE COURT: Thank you.
15                          * * * * *

```
                                                               14
1       I certify that the foregoing is a court transcript from an
2    electronic sound recording of the proceedings in the above-
3    entitled matter.
4
5                                   _____
6                                         Shari Riemer
7    Dated:  January 14, 2013
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```