UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA, New York, N.Y.

v. 13 Cr. 55(GBD)

ROGELIO LEYBA,

Defendant.

------------------------------x

April 3, 2014
10:25 a.m.

Before:

HON. GEORGE B. DANIELS,

District Judge

APPEARANCES

PREET BHARARA
United States Attorney for the
Southern District of New York
BY: EDWARD DISKANT
Assistant United States Attorney

WILENS & BAKER, P.C.
Attorneys for Defendant
BY: DANIEL S. KRATKA

ALSO PRESENT:

ALEX WIEDER, Spanish Interpreter

(Case called)

MR. DISKANT: Good morning, your Honor. Edward Diskant for the government.

THE COURT: Good morning.

MR. KRATKA: Good morning, your Honor. My name is Daniel Kratka. I represent the defendant.

THE COURT: Good morning, Mr. Kratka.

MR. KRATKA: Good morning.

THE COURT: Let me start with the government. What's the status from the government's perspective?

MR. DISKANT: Your Honor, we are here today because I understand the defendant intends to move to withdraw his previously entered plea of not guilty and enter a plea of guilty pursuant to an agreement with the government.

THE COURT: Mr. Kratka?

MR. KRATKA: Yes, your Honor. That's correct.

THE COURT: Can we swear in Mr. Leyba.

(Defendant sworn)

THE COURT: You can be seated.

Mr. Leyba, do you understand that you are now under oath and that if you answer any of my questions falsely, your false or untrue answers s may later be used against you in another prosecution for perjury or making a false statement? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: What is your full name, Mr. Leyba?

THE DEFENDANT: Rogelio Leyba.

THE COURT: How old are you, sir?

THE DEFENDANT: 41.

THE COURT: How far did you go in school?

THE DEFENDANT: Ninth grade.

THE COURT: Can you understand the interpreter clearly?

THE DEFENDANT: Yes, sir.

THE COURT: I ask the interpreter can you understand the defendant clearly?

THE INTERPRETER: Yes, I can.

THE COURT: Mr. Leyba, are you now or have you recently been under the care of a doctor or psychiatrist?

THE DEFENDANT: No, sir.

THE COURT: And have you ever been treated or hospitalized for any mental illness or any type of addiction, including drug or alcohol addiction?

THE DEFENDANT: No, sir.

THE COURT: In the past 24 hours, have you taken any drugs, medicine, pills, or have you drunk any alcohol?

THE DEFENDANT: No, sir.

THE COURT: Is your mind clear today?

THE DEFENDANT: Yes, sir.

THE COURT: Are you feeling well today?

THE DEFENDANT: Yes, sir.

THE COURT: Do either counsel have any doubt as to the defendant's competence to plead at this point?

MR. DISKANT: No, your Honor.

MR. KRATKA: No, your Honor.

THE COURT: Mr. Leyba, your attorney has informed me that you wish to withdraw your plea of not guilty and that you wish to plead guilty to Count One of this indictment. Is that what you wish to do today?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had a full opportunity to discuss your case with your attorney and to discuss the consequences of entering a plea of guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with your attorney and his representation of you?

THE DEFENDANT: Yes, sir.

THE COURT: Then on the basis of Mr. Leyba's responses to my questions and my observations of his demeanor, I find that he is fully competent to enter an informed plea at this time.

Mr. Leyba, before I accept any plea from you, I am going to ask you certain questions. My questions are intended to satisfy me that you wish to plead guilty because you are in fact guilty and that you fully understand the consequences of

your guilty plea. If you do not understand the question, please stop me and either ask me or your attorney for a further explanation.

Is that clear?

THE DEFENDANT: Yes, sir.

THE COURT: I am first going to describe to you certain rights that you have under the Constitution and laws of the United States. You will be giving up these rights if you enter a plea of guilty. So please listen carefully because at the end of my description of all of these rights I will again ask you whether you fully understood all that I have said, okay?

THE DEFENDANT: Yes, sir.

THE COURT: First of all, under the Constitution and laws of the United States, you have a right to a speedy and a public trial by a jury on all of the charges against you that are contained in the indictment.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If there were a trial, you would be presumed innocent and the government would be required to prove your guilt by competent evidence and beyond a reasonable doubt. You would not have to prove that you were innocent and the trial.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If there were a trial, you would have a right to be represented by an attorney at that trial and at any related proceedings thereafter; and if you could not afford an attorney, one would be provided to you free of cost.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If there were a trial, you would have a right to see and hear all of the witnesses against you, and your attorney could cross-examine those witnesses. You would have a right to have your attorney object to the government's evidence and to offer evidence on your behalf if you so desired, and you would have a right to have subpoenas issued or other compulsory process used to compel witnesses to testify in your defense.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If there were a trial, you would have a right to testify if you wanted to, but no one could force you to testify if you did not want to. Further, no inference or suggestion of guilt could be drawn by the jury of if you chose not to testify at a trial. You could go to trial without testifying or calling any witnesses or presenting any evidence whatsoever.

Do you fully understand?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand each and every one of these rights that I just indicated to you?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that by entering a plea of guilty today, you are giving up each and every one of these rights, that you are waiving these rights, and that you will have no trial?

Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you can change your mind right now and refuse to enter a plea of guilty? You do not have to enter this plea of guilty if you do not want to for any reason.

Do you fully understand?

THE DEFENDANT: Yes, sir.

THE COURT: Have you received a copy of the indictment and had it translated to you?

THE DEFENDANT: Yes, sir.

THE COURT: Did you discuss the charges in this indictment with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that Count One of this is indictment charges you with participating in a conspiracy to commit healthcare fraud? Do you understand that charge?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that the maximum possible penalty that could be imposed on the crime to which you are offering to plead guilty is a maximum sentence of up to 10 years' imprisonment, a fine of up to $250,000 or twice the gain or loss from the offense, a maximum term of three years' supervised release, and I must impose a mandatory $100 special assessment and restitution, if restitution is appropriate, to any victims of the crime.

Do you understand those are the maximum penalties that can be imposed on the crimes to which you are offering to plead guilty?

THE DEFENDANT: Yes, sir.

THE COURT: Supervised release means that if you are sentenced to prison, you will be subject to monitoring when you are released from prison. That supervision will be under terms and conditions which could lead to your reimprisonment without a jury trial if you violated any of the conditions of your release.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you further understand that if you are a United States citizen and I accept your guilty plea, that conviction may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right

to serve on a jury, and the right to possess any kind of firearm.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also understand that if you are not a citizen of the United States and I accept your guilty plea, additionally that felony conviction may subject you to deportation and/or deprive you of the right to apply for United States citizenship or to reenter this country.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Under current law there are sentencing guidelines that judges must consider in determine being your sentence. Have you discussed the sentencing guidelines with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that although they may be a calculation of the applicable guideline range contained in the plea agreement, this court will not be able to determine your sentencing guideline range until after the presentence report is completed by the probation department and you and the government have had a chance to challenge any of the facts reported by the probation office and its officers.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you further understand that even after I have determined what sentencing guideline range applies in your case, I have the authority to impose a sentence that is higher or lower than the sentence calculated by the sentencing guidelines?

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that if your attorney or anyone else has attempted to estimate or predict what your sentence will be, their estimate or prediction could be wrong?

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: No one -- not even your attorney or the United States Attorney -- can nor should give you any assurance as to what your sentence will be because, as I just said, I cannot determine that sentence until after the presentence report is completed, I have ruled on any challenges to the report, and I have determined whether there are any grounds to depart up or down from the sentencing guideline range, and I must consider what is a reasonable sentence in your particular case.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you also fully understand that even if your sentence is different from what your attorney or anyone

else told you it might be or if it is different from what you expect, you will still be bound by the guilty plea that you are entering today, you will not be allowed to withdraw your guilty plea after it is entered, and I will sentence you on the date of sentencing pursuant to the guilty plea that you are entering today?

Do you understand all of that?

THE DEFENDANT: Yes, sir.

THE COURT: I have been given a letter plea agreement. Is that your signature on the last page of this agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Did you have this agreement translated to you before you signed it?

THE DEFENDANT: Yes, sir.

THE COURT: Did you discuss the terms of this agreement with your attorney before you signed it?

THE DEFENDANT: Yes, sir.

THE COURT: And did this letter agreement constitute your complete and total understanding of the entire agreement as entered into by the prosecutor, you, and your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Is everything that you understand about your plea and sentence that were promised contained in this plea agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Has anything been left out to your knowledge? Has anything been left out?

THE DEFENDANT: No.

THE COURT: Has anyone threatened you or forced to you plead guilty or to enter into this plea?

THE DEFENDANT: No.

THE COURT: Do you understand by one of the terms of this plea agreement that you are agreeing to admit the forfeiture allegation with respect to Count One of this indictment and you are agreeing to forfeit any interest in any property which constitutes or is derived from the proceeds of the crime?

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Also by one of the terms of this plea agreement you are giving up your right to file any appeal of the sentence that is imposed in this case if the sentence is within or below the stipulated guidelines range of 18 to 24 months in the plea agreement.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Also by one of the express terms of the agreement you are recognizing that because you are not a citizen of the United States that your guilty plea and conviction make it very likely that your deportation from the

United States is presumptively mandatory and that at a minimum you are at a risk of being deported or suffering other adverse immigration consequence.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And that by the terms of this agreement, you have acknowledged that you have discussed the possible immigration consequences, including deportation, of your guilty plea and conviction with your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Kratka, do you know of any valid defense that would prevail at trial or any reason why your client should not be permitted to plead?

MR. KRATKA: No, your Honor.

THE COURT: Mr. Leyba, why don't you tell me what you did in connection with this charge that makes you guilty of this charge.

THE DEFENDANT: Approximately from 2007 to about December of 2012, I worked in a *bodega* in Newark, New Jersey. I, knowingly agreed with other people to commit fraud for medical extensions. The way in which I did this was by purchasing medications with prescriptions on behalf of the people who had been prescribed these medications by the government health program, such as Medicaid. I later sold this medications to other people in order to profit. I know that in

the end this medications were being sold back to pharmacists. These pharmacists were located in the City of New York. Then these pharmacists sold this medications to unknowing patients, and through this scheme and my actions, Medicaid was raped of. I have participated knowingly in this criminal conduct and I can tell you that I am very remorseful, and I assume complete responsibility for my actions. I have tried to amend my illegal conduct.

THE COURT: So how do you plead to this charge? Guilty or not guilty.

THE DEFENDANT: Guilty.

THE COURT: Are you pleading guilty because you are in fact guilty of this charge?

THE DEFENDANT: Yes, sir.

THE COURT: You are pleading guilty voluntarily and of your own free will?

THE DEFENDANT: Of my free will.

THE COURT: Anything further, Mr. Diskant, by the government?

MR. DISKANT: No, your Honor.

THE COURT: Mr. Leyba, because you have acknowledged that you are guilty as charged in Count One of this indictment, because you know your rights and are waiving them, because your plea is entered knowingly and voluntarily and is supported by facts containing each of the essential elements of this

offense, I accept your guilty plea and adjudge you guilty of Count One of this indictment.

The next step will be that the probation department will prepare a presentence report to assist me in sentencing. You will be interviewed by the probation officer. It is important that the information you give the probation officer be truthful, accurate, and complete. Your report is important in my decision as to what your sentence will be, and you your attorney and the government will have an opportunity to examine the report, comment -- challenge or comment upon it, and to speak at the time of sentencing.

Let's schedule sentence. How is July 31 at 9:45?

MR. KRATKA: Yes, please.

MR. DISKANT: Works for the government, your Honor.

THE COURT: We will schedule sentencing for that date. I will see all the parties at that time.

MR. DISKANT: Thank you, your Honor.

MR. KRATKA: Thank you.

THE COURT: You are welcome.

\- - -